THOMAS, Justice
(dissenting) :
This case is here on petition for certio-rari based on a certificate “that said decision [in the District Court of Appeal] is one which passes upon a question of great public interest as contemplated by Section 4(2), Article V, Constitution of Florida.”
The present question is the starting point for the computation of the statute of limitations in cases of embezzlement.
*890 The respondent was serving as executor of the Last Will and Testament of Helen F. Bikle on 19 May 1961. In an information filed 24 January 1964 he was charged with embezzlement of the funds of the estate which was alleged to have occurred 4 September 1963, however, in response to an order for a bill of particulars the State represented that the theft was committed 6 June 1963. The latter date was the one on which the respondent had been ordered by the court to make an accounting and to deliver to his successor all money in his hands belonging to the estate. The defalcation forming the basis for the prosecution was reflected in a cht k given by the respondent on 18 August 1961. Throughout the trial, respondent had challenged the procedure because the alleged larceny was shown to have happened more than two years before the indictment was filed.
The question for decision by the District Court of Appeal, and now by this court, in substance, is whether the statute of limitations begins to run from the date of the larceny or from the date of its discovery. The District Court of Appeal reversed the judgment of conviction, all judges concurring and two of them concurring specially. It seems to have been the view of the court that although fixing of the statutory period as two years from the commission of the offense may afford an embezzler the opportunity to conceal his theft until the statute may have run, it would appear, as the District Court of Appeal has commented that any revision or correction to meet such a contingency is within the province of the legislature. The language of the statute is quite plain. It is: “All offenses not punishable with death, save as hereinafter provided, shall be prosecuted within two years after the same shall have been committed.” Section 932.05, Florida Statutes, F.S.A.
I think we do not have the power to change the clear wording of the statute so that the prosecution in this case would become justified, nor do we possess the power to stretch the meaning of the words the legislature chose to accomplish that result.
So I would answer the question as the District Court of Appeal did.